O’NIELL, O. J.
 

 (concurring). The injury suffered by the plaintiff was the partial loss of the use of his hand. If he had suffered the permanent total loss of the use of his hand, he'would be entitled to 65 per cent, of the weekly wages that he was earning at the time of the accident for the fixed period of 150 weeks. He should not receive, as compensation for the partial loss of the use of his hand — whether it be only temporary or permanenti — more compensation than he would be entitled to for the permanent total loss of the use of his hand. Therefore, although the compensation that he is entitled to is determined according to subsection (c), and is 65 per cent, of the difference between the wages that he was earning before the accident and the wages that he was able to earn afterwards, during the period of disability, not exceeding 300 weeks, the total sum should not exceed the sum of 65 per cent, of the wages that he was earning at the time of the accident, for the period of 150 weeks. It is not at all inconsistent to say that, although the compensation due, under subsection (e), for an injury producing partial disability to do work of any reasonable character is 65 per cent, of the difference between the wages that the injured employee was earning at the time of the accident and the wages that he was able to earn thereafter during the period of disability, but not beyond 300 weeks, nevertheless, if such injury is confined to the loss of the use of a hand or other member, whether the loss of use of the member be temporary or permanent, partial or total, the compensation shall not exceed in the aggregate the compensation allowed for the permanent total loss of the use of such member. Except in cases where the 65 per cent, of the loss of wage-earning capacity, under subsection (c), amounts to or exceeds the maximum compensation allowed by the statute — -as it does in this case — the compensation allowed, under subsection (c), during the period of disability, not exceeding 300 weeks, might amount to less than the compensation allowed for the permanent total loss of the use of a hand or other member, because the compensation allowed for the permanent total loss of the use of' a member is 65 per cent., not of the difference in
 
 *1117
 
 wage-earning capacity, but of the full amount of the wages that the injured employee was earning at the time of the injury, and because the period of compensation in such cases is not limited to the period of disability or to the number of weeks stated, but is fixed absolutely at that number of weeks.
 

 For these reasons, I concur in the ruling that the weekly compensation due to the plaintiff, under subsection (c), being the maximum allowed by the statute, besides being limited to the period of disability, not exceeding 300 weeks, should be further limited so that it shall not exceed in the aggregate more than the plaintiff would have been entitled to receive if he had suffered the permanent total loss of the use of his hand.